AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

In the Matter of the Search of
*a Gray Apple iPhone and a Blue, Gray, and Black Swiss Wenger Backpack, Currently Stored at the Tulsa Police Department Sexual Predator and Digital Recovery Unit's Clandestine Laboratory Located in Tulsa, Oklahoma*

Case No. 26-MJ-236-JFJ

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of Oklahoma
*(identify the person or describe the property to be searched and give its location)*:
See Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before 4/3/26 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Jodi F. Jayne *(name)*.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box):
☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of ______________.

Date and time issued: 3/20/26, 11:25 AM

[signature] *Judge's signature*

City and state: Tulsa, Oklahoma

Jodi F. Jayne, U.S. Magistrate Judge

*Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 26-MJ-236-JFJ | 3/20/2026 11:27AM | Copy left in backpack |

**Inventory made in the presence of :**

HSI SSA Dustin Carder; TPD Detective Justin Wolzen

**Inventory of the property taken and name of any person(s) seized:**

-The iPhone was already in LE custody. It is currently in the process of attempting to bypass passcode. No data has been extracted at this time.

-Items seized from the backpack for forensic analysis include a Dell Latitude laptop and an Apple iPad. These items were found to belong to Charles Walker's employer. They will be forensically examined and if they do not contain contraband or evidence related to this case, they will be returned to his employer.

-Additionally, at the request of Walker's employer's general counsel, agents located Houston Airport and Dallas Fort Worth Airport access security badges in the backpack. These badges have been deactivated by his employer but are the property of the respective airports and are under strict control, and they must be returned. These access badges were also seized and will be returned to the employer to return to the airports.

-No other items were seized from the backpack; the backpack will be placed in the Tulsa Police Property Room on a hold for owner.

## Certification

**I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.**

Date: 3/24/2026

*Executing officer's signature*

Dustin Carder, HSI Supervisory Special Agent

*Printed name and title*

# ATTACHMENT A

## Property to be Searched

The property to be searched are: a gray Apple iPhone; and any electronic devices located inside a blue, gray, and black Swiss Wenger backpack (hereinafter the "Items"). The Items currently located at the Tulsa Police Department Sexual Predator and Digital Recovery Unit's clandestine laboratory located in Tulsa, Oklahoma, within the Northern District of Oklahoma.

The applied-for warrant would authorize the search of the backpack and forensic examination of the Apple iPhone and any electronic devices or storage media located within the backpack for the purpose of identifying electronically stored data particularly described in Attachment B. The Items are described above and pictured below:





# ATTACHMENT B

## Particular Things to be Seized

All records on or in the Items described in Attachment A that relate to 18 U.S.C. §§ 2251(a) and (e) – Attempted Sexual Exploitation of a Child, 18 U.S.C. § 2422(b) – Attempted Coercion or Enticement of a Minor, and 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) – Attempted Receipt of Child Pornography, including:

1. Information, correspondence, records, documents, or other materials pertaining to the attempted enticement or coercion of minors to engage in sexual acts or sexual conduct, as defined in 18 U.S.C. 2422(b), that were transmitted or received using the cellular device;
2. Images of child pornography; files containing images and data of any type relating to the sexual exploitation of minors, and material related to the possession or production thereof;
3. Information, correspondence, records, documents, or other materials pertaining to the attempted possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C 2256, or pertaining to the sexual exploitation of minors, that were transmitted or received using the cellular device;
4. Evidence of user attribution showing who used or owned the Item(s) at the time the things described in this warrant were created, edited, or deleted, such

as logs, phone books, saved usernames and passwords, documents, and browsing history;

5. Records relating to communication with others as to the criminal offense(s) listed above; including incoming and outgoing voice messages; text messages; emails; multimedia messages; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from Snapchat and applications that can assign roaming phone numbers; and other Internet-based communication media;
6. Records relating to documentation or memorialization of the criminal offense(s) listed above, including voice memos, photographs, videos, and other audio and video media, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos, including device information, geotagging information, and information about the creation date of the audio and video media;
7. Records relating to the planning and execution of the criminal offense(s) above, including Internet activity, firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;
8. Application data relating to the criminal offenses above; and

9. All records and information related to the geolocation of the Items in relation to the criminal offenses above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.